

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

June 24, 2005

## LETTER OPINION

**VIA REGULAR MAIL**

Fox Rothschild LLP
Jack L. Kolpen, Esq.
Thomas R. Hower, Esq.
997 Lenox Dr., Bldg. 3
Lawrencville, NJ 08648-2311

    (*Attorneys for Plaintiff*)

Raffik Abnous
Ayda Abnous
1518 W. Glenoaks Blvd.
Glendale, CA 91201

    (Pro Se *Defendants*)

    **Re:**    **L-3 Space & Navigation v. Abnous et al.**
             **Docket No.: 05-0098 (WJM)**

Dear Litigants:

    This matter comes before the Court on *pro se* Defendants Raffik and Ayda Abnous's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART** as set forth below. Accordingly, Counts Two, Three, Five, and Six are **DISMISSED**.

### BACKGROUND

    This action, before this Court on allegations of diversity jurisdiction under 28 U.S.C. § 1332, was commenced on or about January 6, 2005 by Plaintiff L-3 Space and Navigation ("L-3"), a Delaware corporation with its principal place of business in New York, against Raffik Abnous ("RAbnous"), Ayda Abnous ("AAbnous"), and Richard Schotts, Jr. ("Schotts")), California citizens. (*See* Compl. ¶¶ 1–5.) The dispute centers on RAbnous' and Schotts' allegedly tortious and fraudulent conduct in connection with the making and performance of an

auction agreement between Barlex, Inc. ("Barlex") and L-3 concerning the sale of L-3's property in its Teterboro, New Jersey facility. (*See generally id*. ¶¶ 1–40.)

During the relevant time period, RAbnous and Schotts were President and Senior Vice President, respectively, of Barlex, which filed for bankruptcy in September 2004 and is not a party to this action. (*See id*. ¶¶ 7–9.) Sometime in February 2003, Schotts negotiated an agreement with L-3 on behalf of Barlex to conduct an auction to sell off L-3's industrial equipment at its Teterboro, New Jersey facility. (*See id*. ¶ 11.) Under the agreement, Barlex guaranteed L-3 a minimum of $500,000 in auction proceeds and agreed to remove any unsold items from the facility at its own expense. (*See id*. ¶¶ 12, 15.) Although Barlex conducted the auction on or about April 23–24, 2003 and collected over $350,000 in proceeds, Barlex failed to remove unsold items and did not pay L-3 anything. (*See id*. ¶¶ 20, 25–26, 28.) The parties thereafter exchanged communications in an attempt to resolve the matter, but L-3 was never paid anything at anytime in connection with the auction. (*See id*. ¶¶ 30–34, 37.)

On or around April 2004, after L-3 filed a separate suit against Barlex in December 2003, RAbnous removed himself from the deed to the property located at 3144 Chadney Drive in Glendale, California, leaving only AAbnous on the deed. (*See id*. ¶ 38–39, 98–99, 101–102.)

Based on these allegations, L-3 asserts seven state law causes of action against RAbnous, AAbnous, and Schotts for fraudulent misrepresentation, malicious misrepresentation, negligent misrepresentation, unjust enrichment, conversion, corporate veil piercing, and fraudulent conveyance. (*See id*. ¶¶ 41–104.) It seeks a judgment "hold[ing] RAbnous and Schotts liable for Barlex's debt to L-3," as well as compensatory, consequential, and punitive damages. (*See id.* at p.13.) Rabnous and AAbnous (referred to herein collectively as "*pro se* Defendants") now move to dismiss the Complaint in its entirety. (*See generally* Defendants' Memorandum [*hereinafter* "Defts.' Mem."].)

## ANALYSIS

### I. Standard of Review

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). A court may dismiss a complaint for failure to state a claim only if, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted under any set of facts which could prove consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

### II. The Motion to Dismiss Count One (Fraudulent Misrepresentation) Is DENIED

*Pro se* Defendants argue that Count One should be dismissed for failure to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). (*See* Defts.' Mem. at 1–2.) The Court disagrees.

Initially, the Court acknowledges that corporate officers may be held liable for corporate torts in which they participate: "An officer . . . of a corporation is not personally liable for torts of the corporation . . . merely by virtue of holding corporate office, but can only incur personal liability by participating in the wrongful activity." 3A Fletcher Cyclopedia of Private Corp. § 1137. Because "such liability does not require that the 'corporate veil' be pierced," *id*., the Court need not consider the allegations made in Count Six in connection with its disposition of this Count.

Rule 9(b) states: "In all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). A plaintiff may satisfy this requirement by pleading the "date, place or time" of the fraud, *or* through "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp*., 742 F.2d 786, 791 (3d Cir. 1984). Thus, a complaint need not "describe the precise words used" so long as each allegation of fraud "adequately describes the nature and subject of the alleged misrepresentation." *Id*. Indeed, "Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time." *See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp*., 394 F.3d 126, 144 (3d Cir. 2004) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig*., 311 F.3d 198, 216 (3d Cir. 2002)).

In this case, Count One alleges, in relevant part:

1. that "[b]efore, during and after the [April 23–24, 2003] auction, RAbnous and Schotts made numerous misrepresentations to L-3 representatives" that Barlex would "pay[] L-3 the proceeds for the auctioned equipment and fees that were collected from the buyers and [that Barlex would] clear[] the unsold assets from the facility," and moreover that the day before the auction RAbnous misrepresented to L-3 Barlex's intent to pay L-3 out of the auction proceeds, (*see* Compl. ¶¶ 43–45);
2. that RAbnous and Schotts knew their statements were false when they made them, (*see id*. ¶ 49);
3. that at the time these representations were made, RAbnous and Schotts never intended that Barlex would perform on these promises, (*see id*. ¶¶ 50, 52);
4. that RAbnous and Schotts made these statements intending L-3 to rely on them, (*see id*. ¶ 52)
5. that L-3 was ignorant of the misrepresentations' falsity, (*see id*. ¶ 51);
6. that L-3's relied on these misrepresentation in making its decision to do business with [Barlex], (*see id*. ¶¶ 47, 51);
7. and that as a result of its reliance L-3 has been damaged, (*see id*. ¶ 52).

The Court finds that these allegations satisfy Rule 9(b)'s pleading requirements. That is, these allegations are sufficient "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville*, 742 F.2d at 791. Thus, *pro se* Defendants' motion to dismiss Count One is **DENIED**.

### III.     Count Three (Malicious Misrepresentation) Is DISMISSED

*Pro se* Defendants argue that Count Three should be dismissed for failure to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b).  (*See* Defts.' Mem. at 1–2.)  The Court agrees that this Count must be dismissed, but again not for the reasons offered by *pro se* Defendants.

The Court has not discovered any New Jersey authority identifying "malicious misrepresentation" as a cause of action independent of fraudulent misrepresentation.[1]  What case law the Court has discovered on the subject suggests that a malicious misrepresentation is analogous to a fraudulent misrepresentation.  *Compare McCue v. Deppert*, 91 A.2d 503, 505 (N.J. Super. Ct. App. Div. 1952) (stating that "[m]alice . . . is the intentional doing of a wrongful act without justification or excuse" and that "[a] misrepresentation made by [a] defendant for the purpose of securing a benefit with knowledge that it will be detrimental to . . . plaintiff is an unjustifiable and malicious act"), *with Coastal Group, Inc. v. Westholme Partners*, No. 94-3010, 1996 WL 33545605, at *9 (D.N.J. Oct. 3, 1996) (stating that fraudulent misrepresentation under New Jersey law consists of (1) a material representation of a presently existing or past fact (2) made with knowledge of its falsity (3) with the intent to induce reliance, (4) upon which plaintiff justifiably relied, and (5) was thereby damaged).  To the extent that malice is relevant to a misrepresentation claim, the concept appears to bear solely on the availability and extent of any award of punitive damages.  *See Schillachi v. First Fidelity Bank*, 709 A.2d 1375, 1379–80 (N.J. Super. Ct. App. Div. 1998).  For this reason, Count Three is **DISMISSED** to the extent that it purports to assert a separate cause of action under New Jersey law for "malicious misrepresentation."

### IV.     Count Five (Negligent Misrepresentation) Is DISMISSED

*Pro se* Defendants argue that Count Five should be dismissed for failure to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b).  (*See* Defts.' Mem. at 1–2.)  The Court agrees that this Count must be dismissed, but again not for the reasons offered by *pro se* Defendants.

With respect to this Count, the Complaint alleges that RAbnous and Schotts made false statements about Barlex's intent to pay L-3 anything out of the auction proceeds as well as Barlex's intent to dispose of any unsold items, (Compl. ¶¶ 79–80, 82), that they did so "without regard for the truth or falsity of [their] statements," (*id.* ¶ 81), that these statements were intended to induce reliance, (*id.* ¶ 83), and that L-3 in fact relied on them and was thereby damaged, (*id.* ¶¶ 84–85).  Unlike L-3's claim for fraudulent misrepresentation, however, this claim does not allege that RAbnous and Schotts, at the time they made their alleged promises, had no intention that Barlex would fulfill these promises.  This Count, therefore, fails to state a claim for the tort of "negligent misrepresentation," as the requirement that there be fraudulent intent at the time of the making of the promise is what differentiates such a claim from a breach of contract claim.  *Cf.*

---

[1]     The parties have not disputed the applicability of New Jersey law.

*Coastal Group, Inc. v. Westholme Partners*, No. 94-3010, 1996 WL 33545605, at *9 (D.N.J. Oct. 3, 1996) ("This final requirement ensures the proper temporal focus of the allegations. Without it, every claim for breach of contract would also state a corresponding claim for common law fraud that automatically would survive a motion to dismiss."). In New Jersey, no claim for misrepresentation arises when a party simply fails to follow through on "statements which are promissory in their nature at the time they are made and which relate to future actions or conduct." *Ross v. N.J. State Highway Auth.*, 585 A.2d 420, 424 (NJ Super Ct Ch. Div 1990). "Such conduct is a misrepresentation *only* if the promisor knew when he made it that the promise could not or would not be fulfilled." *Id*. (emphasis added); *see also Lighting Lube, Inc. v. Witco* Corp., 4 F.3d 1153, 1186 (3d Cir. 1993); *Lo Bosco v. Kure Engineering Ltd.*, 891 F. Supp. 1020, 1031 (D.N.J. 1999). Count Five is, therefore, **DISMISSED**.

## V.     Count Two (Unjust Enrichment/Restitution) Is DISMISSED

*Pro so* Defendants argue that Count Two should be dismissed because L-3 cannot recover against RAbnous and Schotts on a quasi-contract claim of unjust enrichment what it may recover in contract against Barlex as a result of the express agreement between Barlex and L-3. (*See* Defts.' Mem. at 3.) The Court agrees that this Count should be dismissed.

"A quasi-contract is . . . a legal concept rationalizing a sanction to prevent unjust enrichment based upon the equitable principle that whatsoever it is certain that a man ought to do, that the law supposes him to have promised to do . . . ." *Kozlowski v. Kozlowski*, 395 A.2d 913, 918 (N.J. Super. Ct. Ch. Div. 1978). It is well settled, however, that "[a]n implied contract cannot exist when there is an existing express contract about the identical subject." *Moser v. Milner Hotels, Inc*., 78 A.2d 393, 394 (N.J. Sup. Ct. 1951). In this Count, L-3 seeks to recover from RAbnous and Schotts "the valuable legal benefits [it conferred] on Barlex and through Barlex to RAbnous and Schotts"—specifically, the proceeds of the April 23–24, 2003 auction. (*See* Compl. ¶¶ 55–56.) L-3 has, however, also pleaded an express contract—albeit between it and Barlex—regarding its rights these "valuable legal benefits." (*See* Compl. ¶¶ 12–15.) Its recovery is, therefore, governed by contract, not quasi contract, principles. Although this agreement precludes L-3's quasi-contract claim against RAbnous and Schotts, L-3 nevertheless contends, without citing any authority, that this limitation does not extend to situations like this where the "existing express contract about the identical subject" is not between *plaintiff and defendant* between plaintiff *and a third party*. (*See* Pltf.'s Mem. at 5.) The Court has discovered no authority supporting this contention, and indeed that the rule is not so limited is suggested by at least one New Jersey case. *See Russell-Stanley Corp. v. Plant Indus., Inc*., 595 A.2d 534, 550 (N.J. Super. Ct. Ch. Div. 1991). For these reasons, Count Two must be **DISMISSED**.

## VI.     The Motion to Dismiss Count Four (Conversion) Is DENIED

*Pro se* Defendants argue that Count Four should be dismissed for L-3's failure to plead its right to possession of the auction's proceeds and how *pro se* Defendants interfered with this right. (*See* Defts.' Mem. at 4–5.) They argue, in the alternative, also that this claim should be dismissed because Barlex, not *pro se* Defendants, is in possession of the auction proceeds. (*Id*.) The Court disagrees.

"[O]ne who exercises unauthorized acts of dominion over the property of another inconsistent with or to the exclusion of the latter's rights therein is liable for conversion." *Chem. Bank v. Miller Yacht Sales*, 413 A.2d 619, 623 (N.J. Super. Ct. App. Div. 1980). It is undisputed that officers of a corporation may be held personally liable to one whose money or property has been misappropriated or converted by them. *See Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 272–73 (N.J. Sup. Ct. 2002); *Hirsch v. Phily*, 73 A.2d 173, 177 (N.J. Sup. Ct. 1950); *Charles Bloom & Co. v. Echo Jewelers*, 652 A.2d 1238, 1242–43 (N.J. Super. Ct. App. Div.1995) (holding that corporate defendants could be personally liable for alleged conversion even if they were acting in corporate capacity) .

Because L-3 has pleaded that it "was entitled to [the] proceeds of the [April 23–24, 2003] auction of its property," that "[t]hrough Barlex RAbnous and Schotts improperly obtained possession of the proceeds of the L-3 auction," and that L-3 has not received the proceeds of the auction despite demanding payment, (*see* Compl. ¶¶ 71–73), the Court is satisfied that L-3 has stated a claim for conversion. Whether *pro se* Defendants or Barlex in fact possesses the proceeds is a fact question not properly considered on this motion to dismiss. Thus, *pro se* Defendants' motion to dismiss Count Four is **DENIED**.

## VII.   Count Six (Corporate Veil Piercing) Is DISMISSED

*Pro se* Defendants argue that Count Six should be dismissed because the Complaint fails to identify them as owners or shareholders of Barlex, thereby rendering the doctrine inapplicable. (*See* Defts.' Mem. at 5–6.) The Court agrees that this Count should be dismissed, but not for the reasons offered by *pro se* Defendants.

The Court has not discovered any New Jersey case law recognizing a separate cause of action to pierce the corporate veil. And L-3 certainly has made no attempt to bring any such law to the Court's attention, as its opposition to the motion to dismiss this claim does not bother to cite any authority whatsoever.[2] Nevertheless, it is beyond dispute that a request to pierce the corporate veil is merely a means of imposing liability for an underlying cause of action, not an independent cause of action in and of itself. *See, e.g., Tr. of the Nat'l Elevator Indus. Pension Health Benefit & Educ. Funds v. Andrew Lutyk*, 332 F.3d 188, 192 (3rd Cir. 2003) (noting that piercing the veil is not an independent cause of action); *In re Casini*, 307 B.R. 800, 812 (Bankr. D.N.J. 2004) ("[A]n action to pierce the corporate veil is not a new cause of action, but merely a determination of whether multiple entities exist as separate entities or as mere alter egos of each other."). L-3's Complaint asserts no claims against Barlex for which L-3 seeks to hold RAbnous and Schotts (Barlex's President and Senior Vice President, respectively) liable under the veil piercing theory. Count Six is, therefore, **DISMISSED**.

---

[2] Indeed, three full Parts of L-3's brief in opposition to *pro se* Defendants' motion to dismiss cite no authority at all even though the authority cited in *pro se* Defendants' papers often is insufficient for resolution of the instant motion.

## VIII. The Motion to Dismiss Count Seven (Fraudulent Conveyance) Is DENIED

Defendants argue that Count Seven, brought against RAbnous presumably under the New Jersey Fraudulent Conveyance Act, should be dismissed because he was not named as a defendant in L-3's previous action against Barlex and has never been "put on notice that he is even remotely liable to" L-3. (*See* Defts.' Mem. at 6–7.) The Court disagrees.

N.J.S.A. § 25:2-25, entitled "Transfers fraudulent as to present *and future* creditors," provides, in relevant part: "A transfer made . . . by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made . . . , if the debtor made the transfer . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor . . . ." A "creditor" is defined as "a person who has a *claim*," and a claim in turn is defined as "a right to payment, *whether or not the right is reduced to judgment*, . . . disputed, undisputed, [or] legal . . . ." N.J.S.A. 25:2-21 (emphases added). Given this law and the fact that RAbnous is alleged to have transferred property after the initiation of the suit against Barlex in order to defraud L-3, (*see* Compl. ¶¶ 99–104), a possible future judgment creditor, the Court concludes that L-3 has sufficiently stated a claim for fraudulent conveyance.

## IX. *Pro Se* Defendants' Request to Stay These Proceedings Is DENIED

Finally, *pro se* Defendants ask this Court to stay these proceedings pursuant to 11 U.S.C. § 362, the automatic stay provisions of the Bankruptcy Code, because this action is "closely related" to Barlex's bankruptcy proceedings. (*See* Defts.' Mem. at 7–8.) The automatic stay provision is, however, inapplicable to this action.

As *pro se* Defendants recognize, "[t]he automatic stay of section 362(a) protects only the debtor, property of the *debtor* or property of the estate. It does not protect *non-debtor* parties or their property." *In re Advanced Ribbons & Office Prods., Inc.*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991) (citation omitted) (emphases added); *In re Barksdale*, 281 B.R. 548, 551 (Bankr. D.N.J. 2002) (same). A "debtor" under the Bankruptcy Code is the "person . . . concerning which a case under [the Bankruptcy Code] has been commenced," 11 U.S.C. § 101(12), and a "person" is defined to include corporations, *id*. § 101(41). The mere fact that Defendants are officers or employees of debtor Barlex does not render the automatic stay provision applicable to claims against them in this case, as none has filed a petition in bankruptcy. *See In re Casgul of Nev., Inc.*, 22 B.R. 65, 66 (B.A.P. 9th Cir. 1982) ("[S]ection 362(a) d[oes] not create an automatic stay in favor of [a corporate] debtor's officers or their property."); *see also In re Advanced Ribbons*, 125 B.R. at 263 (same). The Court concludes, therefore, that Defendants are not entitled to stay this action pursuant to 11 U.S.C. § 362.[3]

---

[3] *Pro se* Defendants' citation to *In re Otero Mills, Inc.*, 21 B.R. 777 (Bankr. D.N.M. 1982), suggests that they may be seeking injunctive relief pursuant to 11 U.S.C. § 105, which empowers *bankruptcy courts* to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this [bankruptcy] title." 11 U.S.C. § 105(a). Such an application is properly made to the bankruptcy court overseeing Barlex's bankruptcy petition.

## CONCLUSION

For the foregoing reasons, *pro se* Defendants Raffik and Ayda Abnous's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED IN PART** and **DENIED IN PART**.  Accordingly, Counts Two, Three, Five, and Six are **DISMISSED**.  To the extent that L-3 believes the dismissal of these Counts requires it to replead any other surviving Count (in particular, its fraudulent misrepresentation claim), L-3 may make an appropriate application to amend its Complaint.

An appropriate Order accompanies this Letter Opinion.


s/William J. Martini
_____
**William J. Martini, U.S.D.J.**

cc:   The Honorable Ronald J. Hedges, U.S.M.J.