UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| L-3 SPACE NAVIGATION, A DIVISION OF L-3 COMMUNICATIONS CORP., | : | Civil Action No. 05-98 |
| | : | |
| | | Hon. William J. Martini, U.S.D.J. |
| Plaintiff(s), | : | |
| | | |
| vs. | : | **REPORT & RECOMMENDATION** |
| | | |
| RAFFIK ABNOUS, AYDA ABNOUS AND RICHARD L. SCHOTTS, JR., | : | |
| | | |
| Defendant(s). | : | |

### INTRODUCTION

This matter comes before me on the motion of plaintiff L-3 Space and Navigation ("L-3") for the entry of default judgment against defendants Raffik and Ayda Abnous for failure to answer, otherwise respond to the Complaint or comply with discovery obligations. Defendants oppose the motion and cross-move to vacate the entry of default. I have considered the papers submitted in support of and in opposition to the motions. There was no oral argument. Rule 78.

### BACKGROUND

On January 6, 2005, L-3 filed its Complaint against the defendants. In response, defendants moved to dismiss without filing an answer. L-3 filed a request to enter default on June 14, 2005, which was entered by the Clerk's office on June 22, 2005. On June 24, 2005, Judge Martini dismissed Counts Two, Three, Five and Six and allowed the remaining claims to proceed. Notwithstanding my two Letter-Orders reminding defendants of their obligations, they did not take any action to bring this case to trial. To date, defendants have not answered or otherwise responded to the Complaint.

### ANALYSIS

The grant of a default judgement is within the court's discretion. Hritz v. Woma Corp., 732 F.2d 1178 (3d Cir. 1984). Failure to file a timely answer, failure to comply with discovery, or bad faith conduct in avoiding bringing a action to trial may result in dismissal or the entry of a default judgment. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142 (3d Cir. 1990); Dunbar v. Triangle Lumbar & Supply Co., 816 F.2d 126 (3d Cir. 1987). Opposition to a motion for default judgment may be treated as a motion to set aside default. Meehan v. Snow, 652 F.2d 274 (2d Cir. 1981). In deciding a motion to set aside an entry of default pursuant to Rule 55(c), three

factors are to be considered: prejudice to the plaintiff, meritoriousness of the defenses, and defendants' culpability in bringing about the defaults.  See Gold Kist, Inc. v. Laurinberg Oil Co., Inc., 756 F.2d 14 (3d Cir. 1985); United States v. $55,518.85 in U.S. Currency, 728 F.2d 192 (3d Cir. 1984); Gross v. Stereo Component Sys., Inc., 700 F.2d 120 (3d Cir. 1983); Mike Rosen & Assoc. V. Omega Builders, Ltd., 940 F. Supp. 115 (E.D. Pa. 1996).

Pursuant to Rule 12(a)(4), defendants were required to answer within 10 days o f Judge Martini's Order.  On June 28, 2005, I issued a Letter-Order directing the parties to provide me with information necessary to facilitate discovery and issue a scheduling order.  Defendants did not respond.  I issued a second Letter-Order on July 13, 2005, advising defendants of their discovery obligations.  Defendants contend that they did not file an answer in reliance on representations of L-3's counsel.   To date, defendants' submissions have been the work product of a California attorney.  They cannot shelter themselves behind their *pro se* filing status to avoid fulfilling their obligations under the rules and ignore orders issued by this Court.

On August 18, 2005, L-3 filed a request for default attesting that: "Defendants Raffik and Ayda have not filed a response to the portions of the Complaint against them that Judge Martini allowed.  Those allegations and claims in the Complaint against them remain unanswered."  Defendants objected to L-3's request, stating: "the defendants interpret Rule 12 and the Court's ruling as the requirement for the plaintiff to amend its Complaint."  Defendants also moved to transfer the case to California disregarding their outstanding discovery and obligation to file an Answer.  I denied that motion on September 6, 2005.  Subsequently, defendants took no  action.

On October 3, 2005, L-3 moved for default judgment against both defendants.  The following day, defendants filed a notice of change of address redirecting mail from the Office of their California attorney to their residence.  They filed an opposition to L-3's motion on November 4, 2005.  Notwithstanding the fact that plaintiffs' submissions constitute no more than an unauthorized practice of law,[1] nowhere in their documents do they identify any meritorious defenses on which to vacate defaults.  Defendants' continuous evasion of their obligations to answer and comply with discovery appears to be a deliberate effort to delay litigation.  L-3, having taken every step to protect its interest, should not be subjected to further delay and undue expense where defendants are acting in bad faith.

## CONCLUSION

For the reasons set forth above, I recommend that the motion for default judgment be GRANTED and the cross-motion to vacate be DENIED.

---

[1] In a Letter-Order of September 6, 2005, I cautioned the defendants about submitting any documentation prepared by attorneys who are not unauthorized to practice before this Court.  Clearly, the language of the defendants' most recent submissions are the work product of an attorney.  As L-3 points out, the documentation appears to be the that of a California practitioner, identical in format, appearance and structure to those of Jilbert Tahmazian, a California attorney.

Pursuant to Local Civil Rule 72.1(c)(2), the parties shall have ten (10) days from receipt of this Report and Recommendation to file and serve objections thereto.

s/ Ronald J. Hedges
United States Magistrate Judge

cc: Hon. William J. Martini, U.S.D.J.