<u>NOT FOR PUBLICATION</u>

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| L-3 SPACE AND NAVIGATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>RAFFIK ABNOUS et al.,<br><br>　　　　　　　　　　Defendants. | **Civil Action No. 05-0098(SRC)**<br><br>**OPINION** |

**<u>CHESLER</u>, District Judge**

　　　　This matter comes before the Court upon the motion to enforce settlement filed by Plaintiff L-3 Space and Navigation ("Plaintiff" or "L-3") [docket entry no. 66]. Defendant Raffik Abnous ("Abnous") has opposed the motion. The Court has considered the parties' submissions in connection with this motion. Pursuant to Federal Rule of Civil Procedure 78, it rules on the motion without oral argument. For the reasons that follow, the Court will grant Plaintiff's motion.

　　　　L-3 initiated this action in early 2005. Eventually the parties settled the matter and subsequently entered into a Consent Order for Settlement that was entered on April 8, 2009 [docket entry no. 63]. The Consent Order provides that Defendant shall pay L-3 the sum of $75,000, with an initial payment of $10,000 and subsequent monthly payments for the next six years. (Consent Order at ¶1.) Mr. Abnous was allocated two 60 day periods to cure any default.

(Id. at ¶2.) It was agreed that if Mr. Abnous remained in default, a default judgment in the amount of $669,182.00, plus pre-judgment interest would be entered against him. (Id. at ¶3.) This Court explicitly retained jurisdiction in the matter "for the purposes of enforcing this settlement agreement and, if necessary, entering Judgment against Mr. Abnous." (Id. at ¶5.)

According to Plaintiff, Mr. Abnous made his initial $10,000 payment but has never made a monthly payment. Plaintiff has twice notified Abnous that he was in default, and twice given him sixty days to cure. Mr. Abnous has not disputed any of these claims, rather he responds that he does not have sufficient funds to comply with the Consent Order.

"A settlement between parties to a lawsuit is a contract like any other contract which may be freely entered into and which a court, absent a demonstration of fraud or other compelling circumstances, should honor and enforce as it does other contracts." *Jennings v. Reed*, 381 N.J. Super. 217, 227 (App. Div. 2005) (internal citations omitted). Mr. Abnous' explanation regarding his limited resources fails to demonstrate why this settlement should not be enforced. *Antoniotti v. Nostrand*, Civil No. 07-209 (FLW), 2010 WL 2483802, at *2 (D.N.J. June 3, 2010) ("[A]ny inability to pay, on Defendant's part, does not undercut the validity of the agreement itself.")

For the foregoing reasons, L-3's motion to enforce settlement will be granted. An appropriate form of Order will be filed herewith.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: November 30, 2010